

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

---

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

April 28, 2004

John Burke, Esq.
30 Mass. Avenue
No. Andover, MA 01845

    Re:   <u>United States v. John N. Erickson</u>
           Criminal No. 04-10140-GAO

Dear Attorney Burke:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, John N. Erickson ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.   <u>Change of Plea</u>

    At the earliest practicable date, but in no event later than May 31, 2004, Defendant shall waive indictment and plead guilty to a one-count information charging him with theft of mail by a postal employee, in violation of 18 U.S.C. § 1709. A copy of the information, to be filed upon execution of this agreement, is attached hereto. Defendant expressly and unequivocally admits that he in fact knowingly or intentionally committed the crime charged in the information, and is in fact guilty of the charged offense.

    2.   <u>Penalties</u>

    Defendant faces the following maximum penalties on Count One of the Information -- Theft of Mail By Postal Employee:

        a)    five years imprisonment;

        b)    three years' supervised release;

        c)    a fine of $250,000; and

d)   a $100 mandatory special assessment.

3.   <u>Sentencing Guidelines</u>

The parties will take the following positions at sentencing under the United States Sentencing Guidelines with regard to offense conduct and adjustments thereto:

a)   U.S.S.G. § 2B1.1 is the applicable sentencing guideline provision and calls for an initial base offense level ("BOL") of 6; and

b)   U.S.S.G. § 3B1.3 is applicable as the offense involved abuse by the defendant of a position of public trust, requiring an increase in the BOL of 2.

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by two (2) levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a)   Fails to admit a complete factual basis for the plea;

(b)   Fails to truthfully admit his conduct in the offenses of conviction;

(c)   Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d)   Fails to provide truthful information about his financial status;

(e)   Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f)   Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g)   Intentionally fails to appear in Court or violates any

condition of release;

(h) Commits a crime;
(i) Transfers any asset protected under any provision of this Agreement; and/or

(j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after the date of this Agreement.

The parties have no other agreements concerning offense conduct and adjustments to the BOL, other than as stated above.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the District Court:

(a) a period of probation if Defendant's guideline sentencing range falls within Zones A or B, to include a home detention or a halfway house commitment condition if it falls within Zone B, and a split sentence if Defendant's range falls within Zone C;

(b) a low-end guideline fine;

(c) restitution in the amount of $200; and

(d) mandatory special assessment of $100.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing,

3

unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(e)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

7. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

8. Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

9. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under

this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

10. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

11. Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Antoinette E.M. Leoney.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ James B. Farmer
JAMES B. FARMER
Assistant U.S. Attorney
Chief, Criminal Division

5

STEPHEN P. HEYMANN
Assistant U.S. Attorney
Deputy Chief,
Criminal Division

ANTOINETTE E.M. LEONEY
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

*[signature: John N. Erickson]*
JOHN N. ERICKSON
Defendant

Date: MAY 5, 04

I certify that John N. Erickson has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

*[signature: John Burke]*
JOHN BURKE, Esq.
Attorney for Defendant

Date: May 5, 2004